IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YSAIAS ESPINOSA,

    Plaintiff,

      v.

PURE AIR FILTRATION, LLC,

    Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-2993-TWT

## OPINION AND ORDER

This is an action to recover unpaid overtime wages under the Fair Labor Standards Act. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 37], which is GRANTED in part and DENIED in part.

### I. Background

The Plaintiff, Ysaias Espinosa, started working for the Defendant, Pure Air Filtration, LLC, on March 25, 2010.[1] His job was to pour material into a hopper and assemble cardboard boxes as needed.[2] Initially, the Plaintiff's hourly rate was $10.[3]

---

[1]    Def.'s Statement of Facts ¶ 11.

[2]    Id. ¶ 31.

[3]    Id. ¶ 29.

It was increased to $11 an hour in May of 2013.[4] The Plaintiff ceased working for the Defendant at some point in the middle of July 2014.[5] The Defendant's business is generally open from 8:00 A.M. to 5:00 P.M., but employees often arrive earlier or stay later.[6] Employees also work on Saturdays.[7] To keep track of payroll records, the Defendant uses the computer program Quickbooks.[8] The Defendant also uses time cards for non-salaried employees.[9] After the time cards are entered into Quickbooks, the Defendant disposes of them.[10] The Defendant does not keep any other time records.[11] Before the Defendant implemented the time card system, one of the Defendant's employees, Randall Couch, kept time records on a pad of paper.[12] The Defendant no longer has those records.[13]

---

[4]   Id. ¶ 30.

[5]   Id. ¶ 8.

[6]   Pl.'s Statement of Add'l Facts ¶ 1.

[7]   Id. ¶ 2.

[8]   Id. ¶¶ 8-10.

[9]   Id. ¶ 11.

[10]   Id. ¶ 12.

[11]   Id. ¶ 13.

[12]   Id. ¶ 27.

[13]   Id.

The Defendant's employees have worked more than forty hours in a single week.[14] In fact, the Defendant's typical work schedule is eight and one half hours per day, leading to two and a half hours of overtime per week if an employee works a full schedule.[15] The Plaintiff was a temporary worker who was paid in cash.[16] The Defendant admits that the Plaintiff was not paid the overtime premium rate for hours that he worked overtime.[17] Although neither the Plaintiff nor the Defendant has complete time records, the Plaintiff has produced one time card indicating that he worked 45.35 hours the week of June 30, 2012, to July 6, 2012.[18] The Plaintiff brings claims under the FLSA and state law for unpaid overtime. The Defendant now moves for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and

---

[14]     Id. ¶ 14.

[15]     Couch Dep., at 27.

[16]     Pl.'s Statement of Add'l Facts ¶¶ 49-50.

[17]     Id. ¶ 22.

[18]     Espinosa Dep., at Ex. 1.

that the movant is entitled to judgment as a matter of law.[19] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[20] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[21] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[22] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[23]

### III. Discussion

The Fair Labor Standards Act ("FLSA") provides that employers must pay overtime pay at one and one half times the regular rate for hours worked in excess of forty per week.[24] To survive summary judgment on a claim for unpaid overtime, a

---

[19]     FED. R. CIV. P. 56(a).

[20]     Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[21]     Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[22]     Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[23]     Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[24]     29 U.S.C. § 207.

plaintiff must prove that he worked overtime without compensation.[25] Where the employer fails to keep proper and accurate records and the employee cannot offer convincing substitutes, however, the employee should not be penalized for the employer's failure.[26] Instead, the "employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."[27] At that point, the burden is on the employer to "bring forth either evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence."[28]

The Plaintiff here has produced one time card indicating that he worked 45.35 hours the week of June 30, 2012, to July 6, 2012.[29] Even if the Plaintiff had not produced that time card, one of the Defendant's supervising employees testified at his

---

[25]    Allen v. Board of Pub. Educ. for Bibb Cnty., 495 F. 3d 1306, 1315 (11th Cir. 2007).

[26]    Id. at 1315-16.

[27]    Id. at 1316 (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)).

[28]    Id.

[29]    Espinosa Dep., at Ex. 1.

deposition that the work schedule includes half an hour of overtime per day, equating to two and a half hours of overtime per week.[30] It is undisputed that the Defendant did not keep the majority of the Plaintiff's time cards. Although the Defendant has produced a time card that does not show overtime,[31] it has not presented any evidence contradicting the reasonableness of the time card offered by the Plaintiff nor to contradict its own employee's testimony that the schedule involved overtime. There is therefore a genuine issue of material fact regarding the number of overtime hours for which the Plaintiff was not compensated. The Defendant's motion for summary judgment on the Plaintiff's FLSA overtime claim should be denied as to claims arising on September 17, 2011, or later.

The Defendant also moves for summary judgment on any claims for unpaid overtime incurred prior to September 17, 2011, as barred by the statute of limitations. The Plaintiff admits that those claims are barred.[32] The Defendant's motion for summary judgment based on the statute of limitations should therefore be granted as to overtime prior to September 17, 2011. Additionally, the Defendant moves for summary judgment on the Plaintiff's state law claims for quantum meruit and unjust

---

[30]    Couch Dep., at 27.

[31]    Espinosa Dep., at Ex. 2.

[32]    Pl.'s Br. in Opp'n of Def.'s Mot. for Summ. J., at 13.

enrichment because the FLSA preempts those claims. The Plaintiff also admits that the state law claims are preempted.[33] The Defendant's motion for summary judgment on those claims should be granted.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 37] is GRANTED in part and DENIED in part. The Plaintiff's state law claims and any FLSA overtime claims prior to September 17, 2011, are dismissed.

SO ORDERED, this 5 day of October, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[33] <u>Id.</u>